# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | 5:15-MJ-00391 |
| V. | § § § | CASE NO. 4:12-CR-65<br>Judge Mazzant |
| MARY PEREZ (1) | § | |

## ORDER OF DETENTION PENDING TRIAL

On October 22, 2015, Defendant appeared for a detention hearing in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), before United States Magistrate Judge Sheri Pym in the Riverside Division of the Central District of California. At the conclusion of the detention hearing, the Magistrate Judge concluded that the Defendant should be released from custody, subject to certain conditions. Thereafter, upon the Government's emergency motion requesting a stay of the Magistrate Judge's order of release, this Court, on October 26, 2015, stayed the Magistrate Judge's order releasing Defendant. In its order staying the Magistrate Judge's order of release, the Court ordered the Government to file a brief by October 30, 2015. The Court is in receipt of the brief, a computer disk containing the detention hearing, and the Pretrial Services Reports.

"When the district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts *de novo* and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). Having listened to the detention hearing and reviewed the pretrial services reports, the Court finds that the Defendant should be detained.

### The Parties' Entitlement to a Detention Hearing

The Bail Reform Act of 1984 (the "Act"), 18 U.S.C. § 3141, *et seq.*, empowers a court to order a defendant's detention pending trial upon a determination that "no condition or combination

-1-

of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). In enacting the Act, Congress recognized "the traditional presumption favoring pretrial release 'for the majority of Federal defendants.'" *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986). The Supreme Court has observed that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 754 (1987).

In deciding the question of detention, the Court performs two important functions. First, the Court exercises its historical right to preserve its jurisdiction in criminal cases by insuring that a defendant will appear as required in order to face pending charges. *See Berrios-Berrios*, 791 F.2d at 250. Second, the Court must also consider the legitimate societal interest implicated by the release of defendants charged with serious crimes. Under the Act, the inquiry is focused upon two highly relevant issues: (1) whether the defendant is likely to present a risk to flee the jurisdiction, if released; and (2) whether the defendant presents a risk of danger to the community, if released. *See* 18 U.S.C. § 3142(g).

By its very language, the Act demonstrates its favorable inclination toward the pretrial release of federal criminal defendants. For example, the Act requires that the Court must order release on personal recognizance or on an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the Court cannot find that such unconditional release will reasonably assure appearance as required or guard against danger to the community, then release shall be ordered upon "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community,"

including, though not limited to, conditions specifically listed within the statute. 18 U.S.C. § 3142(c)(1)(B).

Under the Act, detention may be ordered only following a hearing. 18 U.S.C. § 3142(e), (f). The Government's right to a detention hearing, however, has been carefully circumscribed by Congress and exists in certain specifically enumerated circumstances, including when (1) the case involves a crime of violence, (2) the case involves an offense punishable by life imprisonment or death, (3) the crime charged is a drug-related offense with a maximum term of imprisonment of ten years or more, (4) the defendant is charged with a felony after having been convicted of two or more prior qualifying offenses, (5) the case involves a serious risk of flight, or (6) the case involves a serious risk of obstruction or attempted obstruction of justice or intimidation of a prospective witness or juror. 18 U.S.C. § 3142(f).

## Statement of Reasons for Detention

Defendant is currently charged in a one count multi-defendant indictment. Count One charges the Defendants with a violation of 18 U.S.C. § 371, Conspiracy to Make False Statement to the Government. Defendant was indicted on March 15, 2012. Defendant's alleged role involved $130,000 in loss as she allegedly filed forty-eight tax claims using multiple identities.

The Government proffered that last year Defendant negotiated through a third-party with federal agents to self-surrender. Defendant failed to appear as agreed, and instead absconded. Recently, federal agents located Defendant staying with family, and after agents were discovered, Defendant fled the residence. After a few hours, Defendant, again through a third-party, agreed to self-surrender, and did in fact surrender to authorities.

The Court finds that Defendant is a flight risk. After Defendant became aware of this indictment, she made arrangements to turn herself in to authorities, but failed to comply with this

agreement and instead decided to flee. After being on the run for a year, authorities located Defendant at a residence, and knowing that the authorities had located her, did not turn herself in, but fled the house. Hours later, Defendant, through a third-party, made arrangements to turn herself in, and did in fact surrender to authorities. Although the Magistrate Judge relied upon the fact that Defendant's maximum penalty is only five years, it is clear to the Court that, based upon Defendant's track record, she would be a serious risk of flight. Both pretrial services officers that reviewed the case recommended detention. Considering the nature of the offense, the proffer at the detention hearing, the pretrial services reports, Defendant's lack of a stable residence, her efforts to avoid law enforcement, her lack of employment, and her lack of ties to the Eastern District, the Court concludes by preponderance of the evidence that Defendant would pose a risk of flight if released. The Court also concludes that there is no condition or combination of conditions on which Defendant could be released which would reasonably assure the Defendant's presence at trial.

### Directions Regarding Detention

It is therefore **ORDERED** that the Government's Appeal of Magistrate Judge's Order of Release; Government's Request that the Order of Release be Revoked; and Government's Request that Defendant be Detained (Dkt. #289) is hereby **GRANTED**.

It is further **ORDERED** that the Magistrate Judge's Order of Release in Case No. 5:2015MJ391, in the Central District of California, Eastern Division, is revoked, and the Defendant is ordered to be detained. The Clerk of this Court is directed to immediately provide a copy of this Order to the Clerk of the Court for the Central District of California, Eastern Division.

It is further **ORDERED** that the Defendant is committed to the custody of the United States Marshal and is to be kept, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for

private consultation with her respective defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    **IT IS SO ORDERED**.
    SIGNED this 6th day of November, 2015.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE